24-12311-J

# United States Court of Appeals
### *for the*
# Eleventh Circuit

———————◆———————

UNITED STATES OF AMERICA,

*Plaintiff/Appellant,*

— v. —

DONALD J. TRUMP, WALTINE NAUTA, CARLOS DE OLIVEIRA,

*Defendants/Appellees.*

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:23-cr-80101-AMC
(Hon. Aileen Cannon)

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* ROBERT W. RAY, PROFESSOR SETH BARRETT TILLMAN, AND LANDMARK LEGAL FOUNDATION, SUPPORTING DEFENDANTS-APPELLEES DONALD J. TRUMP, WALTINE NAUTA, AND CARLOS De OLIVEIRA**

| | |
|---|---|
| JOSH BLACKMAN | MICHAEL A. SASSO |
| JOSH BLACKMAN LLC | COUNSEL OF RECORD |
| 1303 San Jacinto Street | SASSO & SASSO P.A. |
| Houston, Texas 77002 | 1031 West Morse Boulevard, Suite 120 |
| (202) 294-9003 | Winter Park, Florida 32789 |
| josh@joshblackman.com | (407) 644-7161 |
| | masasso@sasso-law.com |

Attorneys for *Amici Curiae*
Robert W. Ray, Professor Seth Barrett Tillman, and Landmark Legal Foundation

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 26.1-2, *Amici Curiae* hereby certifies that the following is a list of persons and entities who have an interest in the outcome of this case:

1. Advance Publications, Inc.
2. Alonso, Cristina
3. America First Legal Foundation
4. American Broadcasting Companies, Inc., d/b/a/ABC News
5. Ayer, Donald
6. Blackman, Joshua
7. Blanche, Todd
8. Bloomberg, L.P.
9. Bove, Emil
10. Bowman, Chad
11. Bratt, Jay
12. Cable News Network, Inc.
13. Calabresi, Steven
14. Caldera, Louis
15. Cannon, Hon. Aileen
16. Cate, Matthew
17. CBS Broadcasting, Inc. o/b/o CBS News
18. Citizens for Responsibility and Ethics in Washington
19. Citizens United

20. CMG Media Corporation
21. Citizens United Foundation
22. Coleman, Tom
23. Conway, George
24. Cooney, J.P.
25. Couzo, Amber Aurora
26. Cox Enterprises, Inc. (COX) d/b/a/ The Atlanta Journal Constitution
27. Dadan, Sasha
28. De Oliveira, Carlos
29. Dow Jones & Company, Inc., publisher of The Wall Street Journal
30. Dreeben, Michael
31. Edelstein, Julie
32. Fields, Lazaro
33. Fitzgerald, Patrick
34. Fort Myers Broadcasting Company
35. Fugate, Rachel Elise
36. Garland, Merrick B.
37. Gerson, Stuart
38. Gertner, Nancy
39. Gilbert, Karen E.
40. Gillers, Stephen
41. Goodman, Hon. Jonathan
42. Gray Media Group, Inc. (GTN)
43. Guardian News & Media Limited

44. Harbach, David
45. Hirsch, Steven A.
46. Hullser, Raymond
47. Insider, Inc.
48. Irving, John
49. Kise, Christopher
50. Klugh, Richard C.
51. Lacovara, Philip Allen
52. Landmark Legal Foundation
53. Lawson, Gary
54. Los Angeles Times Communications LLC, publisher of The Los Angeles Times
55. Maynard, Hon. Shaniek Mills
56. McElory, Dana Jane
57. McKay, John
58. McNamara, Anne
59. Meese, Edwin
60. Mishkin, Maxwell
61. Mukasey, Hon. Michael B.
62. Murrell, Larry Donald
63. National Cable Satellite Corporation d/b/a/ C-SPAN
64. National Public Radio, Inc.
65. Nauta, Waltine
66. NBCUniversal Media, LLC d/b/a/ NBC News, a subsidiary of Comcast Corporation (CMCSA)

67. Orlando Sentinel Media Group, publisher of the Orlando Sentinel
68. Pearce James
69. Pellettieri, John
70. POLITICO, LLC
71. Potter, Trevor
72. Radio Television Digital News Association
73. Rakin, David
74. Raul, Alan Charles
75. Ray, Robert W.
76. Reeder, L. Martin Jr.
77. Reinhart, Hon. Bruce E.
78. Reuters News & Media, Inc.
79. Reynolds, Brett
80. Russell, Lauren
81. Salario, Samuel
82. Sample, James J.
83. Sasso, Michael
84. Schaerr, Gene
85. Seligman, Matthew A.
86. Smith, Abe
87. Smith, Fern
88. Smith, Jack
89. State Democracy Defenders Action
90. Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel

91. TEGNA, Inc. (TGNA)
92. Telemundo Network Group, LLC d/b/a/ Noticias Telemundo
93. Thakur, Michael
94. The Associated Press
95. The E.W. Scripps Company (SSP)
96. The McClatchy Company, LLC (MNI) d/b/a/ the Miami Herald
97. The New York Times Company (NYT)
98. The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc. (GCI)
99. Thompson, Larry
100. Tillman, Seth Barrett
101. Tobin, Charles
102. Torres, Hon. Edwin
103. Trent, Edward H.
104. Tribe, Laurence
105. Troye, Olivia
106. Trump, President Donald J.
107. Trusty, James
108. Twardy, Stanley
109. United States of America
110. Univision Networks & Studios, Inc.
111. VanDevender, Cecil
112. Weiss, Stephen
113. Weld, William
114. Wharton, Kendra
115. Whitman, Christine Todd

116. Woodward, Stanley
117. WP Company LLC d/b/a/ The Washington Post
118. WPLG, Inc.

## CORPORATE DISCLOSURE STATEMENT

Landmark Legal Foundation ("Landmark") submits this corporate disclosure statement pursuant to Federal Rules of Appellate Procedure 26.1 and 29 and Eleventh Circuit Rule 26.1-2.

Landmark has no parent company or other identifiable related legal entities, and no trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case of appeal, including subsidiaries, conglomerates, affiliates, parent corporations or any publicly held corporation, has a ten percent or greater ownership interest in Landmark.

Respectfully submitted,

Dated:   10/1/2024

> */s/ Michael A. Sasso*
> MICHAEL A. SASSO
> Sasso & Sasso P.A.
> 1031 West Morse Boulevard, Suite 120
> Winter Park, FL 32789
> Phone: 407-644-7161
> masasso@sasso-law.com
> Counsel for *Amici*

# STATEMENT OF INTEREST OF *AMICI CURIAE*[1]

Robert W. Ray is a partner with Zeichner Ellman & Krause LLP. He is a former federal prosecutor and served as one of the last Independent Counsels, replacing Kenneth W. Starr in October 1999, in charge of the Whitewater and Monica Lewinsky investigations. He concluded the investigations by March 2002 with the decision not to prosecute President Clinton once he left office. Ray represented President Trump before the U.S. Senate during his 2020 impeachment trial.

Professor Seth Barrett Tillman, an American national, is a faculty member in the Maynooth University School of Law and Criminology, Ireland/Scoil an Dlí agus na Coireolaíochta Ollscoil Mhá Nuad. Professor Tillman is one of the few academics who has written extensively on the Constitution's "office"- and "officer"-language. Moreover, Tillman's publications have extensively discussed the original public meaning of the Appointments Clause and the caselaw expounding on that clause.

---

[1] No party's counsel authored this brief in whole or in part, and no person other than the *Amici* and their counsel—including any party or party's counsel—contributed money that was intended to fund the preparation or submission of this brief.

And his publications have discussed the application of that caselaw to prosecutions involving Special Counsels.

Landmark Legal Foundation is a national public interest legal organization dedicated to preserving the principles of limited government, separation of powers, federalism, advancing an originalist approach to the Constitution, and defending individual rights. Landmark has filed numerous briefs advocating for the separation of powers in courts at all levels.

## ARGUMENT

In the proceedings below, the District Court invited counsel for three groups of *amici curiae* to present oral argument and to submit supplemental briefing: a group of constitutional lawyers and former government officials; Former Attorneys General Edwin Meese III and Michael Mukasey, and other scholars; and Professor Seth Barrett Tillman and the Landmark Legal Foundation ("Tillman-Landmark *Amici*"). These *amici* advanced arguments that supplemented the positions taken by the Special Counsel and the Defendants. The District Court's order cited these three *amici*. Now, as this case continues on appeal, assistance from *amici* continues. The constitutional lawyers have already filed their brief. And the Ray-Tillman-Landmark *Amici* now seek leave to file a brief.

The Ray-Tillman-Landmark *Amici* brief advances four rationales to support the judgment below. *First*, the Watergate Special Prosecutor's *unique* statutory and regulatory framework was a radical departure from a century of Special Counsels. To support this position, *Amici* rely on a corpus of primary sources. From the 1850s through the 1950s, during six presidential administrations, Attorneys General retained outside

3

lawyers as Special Counsels either: to assist a U.S. Attorney with prosecutions, or to assist the Attorney General with an investigation.[2]

*Second*, in the instant litigation, Smith cannot rely on a permanent appropriation to fund the prosecution of high ranking government officials, because the indictment was filed *after* Trump left office, and because *all* of the charged conduct arose *after* Trump left office. At that juncture, Trump was not President—he was a former President—a private citizen. *Federalist No. 57* (Hamilton or Madison) (elected officials are "compelled to anticipate the moment when their power is to cease … and when they must descend to the level from which they were raised").

*Third*, Smith does not hold a continuous "Officer of the United States" position, and Smith has repeatedly and expressly disclaimed that his position can be construed as an "employee" of the United States.

---

[2] The Ray-Tillman-Landmark *Amici* file this brief in advance of the original deadline of October 2, even though, with the Court's extension, the brief would not be due until the first week in November. *Amici* file this brief early to afford all of the parties a sufficient opportunity to review, and respond to the corpus of primary documents concerning pre-Watergate Special Counsels.

4

*Fourth*, the issue of whether *Morrison v. Olson* should be overruled has been properly preserved for review by the United States Supreme Court.[3]

Over twenty years ago, then-Circuit-Judge Alito identified three different types of *amici*:

> Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Associates, P.A. v. C.l.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (citations omitted). *Neonatology*'s standard for participation by *amici* has been adopted by courts in the Eleventh Circuit. *See, e.g.*, *Alabama v. United States*, Civ. A. No. 2:16-cv-0029-JEO, 2016 WL 7010948, at *2 (N.D. Ala. Apr. 22, 2016); *Maples v. Thomas*, Civ. A. No. 5:03-cv-2399-SLB-MHH, 2013 WL 5350669, at *2 (N.D. Ala. Sept. 23, 2013). The Ray-Tillman-Landmark *Amici* can serve the first two of these three roles.

---

[3] During oral argument, only the Tillman-Landmark *Amici* presented this position. The Ray-Tillman-Landmark *Amici* would be prepared to do so again, with leave of this Court.

5

*First*, Tillman is one of a very small handful of academics who has written extensively on the Constitution's "office"- and "officer"-language. He has written in multiple academic articles and amicus filings that the Constitution's "officers of the United States" language in the Appointments Clause and in other provisions of the Constitution extends only to appointed, and not to elected, positions. Furthermore, he has written that the Appointments Clause imposes a structural protection guaranteeing that *only* federal elected officials and "officers of the United States," and *not* "employees of the United States," may enjoy the broad prosecutorial powers at issue in the instant litigation. Tillman-Landmark has argued that Special Counsel Jack Smith is an "employee," and not an "officer of the United States." Should this Court adopt that position, that decision would terminate this litigation.

*Second*, Defendants' attorneys seek only to show that *United States v. Nixon*'s contested language is dicta. Ray-Tillman-Landmark, by contrast, seeks to establish that *Nixon* was a unique decision based on unique facts and a unique statutory and regulatory regime, which is not applicable in the instant litigation.

Federal Rule of Appellate Procedure 29(a)(3) provides that a proposed amicus brief must state: "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." The reasons above illustrate that the Ray-Tillman-Landmark motion and brief have complied with the relevant rules. *See generally* U.S. Supreme Court Rule 37(1) ("An *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court.").

Finally, pursuant to Federal Rule of Appellate Procedure 29(a)(2) and 11th Circuit Rule 29-1, *Amici* respectfully seek leave to file the *amici curiae* brief supporting Defendants-Appellees Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, attached as Exhibit A. Undersigned counsel certifies that *Amici* solicited consent from the parties. The Special Counsel took no position. Counsel for Donald J. Trump, Waltine Nauta, and Carlos De Oliveira provided consent.

For the foregoing reasons, the motion should be granted.

Respectfully submitted,

<div style="display:flex;justify-content:space-between">

Josh Blackman
Josh Blackman LLC
1303 San Jacinto Street
Houston, TX 77002
Phone: 202-294-9003
josh@joshblackman.com

*/s/ Michael A. Sasso*
Michael A. Sasso
*Counsel of Record*
Sasso & Sasso P.A.
1031 West Morse Boulevard
Suite 120
Winter Park, FL 32789
Phone: 407-644-7161
masasso@sasso-law.com

</div>

8

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing Motion for Leave to File *Amici* Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,173 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f).

The undersigned further certifies that this Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 point Century Schoolbook.

> */s/ Michael A. Sasso*
> Michael A. Sasso

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, a true and correct copy of the foregoing document was electronically filed through CM/ECF. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

October 1, 2024

>  */s/ Michael A. Sasso*
> MICHAEL A. SASSO
> Sasso & Sasso P.A.
> 1031 West Morse Boulevard
> Suite 120
> Winter Park, FL 32789
> Phone: 407-644-7161
> masasso@sasso-law.com
>
> Counsel for *Amici*

10