Case No. 24-12311-J

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
*Appellant*,

v.

DONALD J. TRUMP, WALTINE NAUTA, AND CARLOS DE OLIVEIRA,
*Defendants-Appellees*

On appeal from the United States District Court
for the Southern District of Florida
Case No. 23-80101-CR-CANNON

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ALEX KOZINSKI

ROBERT HENNEKE
CHANCE WELDON
MATTHEW MILLER
ERIC HEIGIS
TEXAS PUBLIC POLICY FOUNDATION
901 CONGRESS AVENUE
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Counsel for Amicus Curiae*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 26.1-2, *Amicus* hereby certifies that except for the following, all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case are listed in the Brief for Appellee President Donald J. Trump (filed on October 25, 2024) pp. C-1–C-2.

1. Heigis, Eric
2. Henneke, Robert
3. Kozinski, Alex
4. Miller, Matthew
5. Texas Public Policy Foundation
6. Weldon, Chance

## CORPORATE DISCLOSURE STATEMENT

Texas Public Policy Foundation (TPPF) submits this corporate disclosure statement Federal Rules of Appellate Procedure 26.1 and 29 and Eleventh Circuit Rule 26.1-2. TPPF is a non-profit organization that has no parent company. It has issued no stock, and as such no person or entity owns ten percent or more of its stock.

*/s/ Eric Heigis*
ERIC HEIGIS

## STATEMENT OF INTEREST OF AMICUS CURIAE*

Alex Kozinski served as a judge of the Court of Appeals for the Ninth Circuit from 1985 to 2017, and as that circuit's Chief Judge from 2007 to 2014. From 1982 until 1985 he served as the first Chief Judge of the United States Claims Court (now the United States Court of Federal Claims), the immediate successor to the trial division of the United States Court of Claims. Amicus presents new historical evidence to assist the Court in deciding this appeal.

---

* No party's counsel authored this brief in whole or in part, and no person other than the Amicus and their counsel—including any party or party's counsel—contributed money that was intended to fund the preparation or submission of this brief. Amicus represents President Donald J. Trump in *Trump v. Twitter, Inc.*, No. 22-15961 (9th Cir. filed June 28, 2022). Amicus does not represent Trump in *United States v. Trump* and has not had contact with counsel for this case.

1

## ARGUMENT

The modern Special Counsel regulation allows a person retained as a Special Counsel to exercise "all investigative and prosecutorial functions of any United States Attorney." 28 C.F.R. § 600.6. Article II of the Constitution limits the exercise of these powers, such as the power to bring an indictment on behalf of the United States, to officers of the United States. Jack Smith is not an officer of the United States. He therefore has no authority to bring the present indictment.

If Jack Smith holds any position in government, he is a mere employee. Nearly a century of practice—as described in Comptroller of the Treasury decisions, an Attorney General opinion, congressional records, and court decisions—confirms that special counsels are retained as mere employees who assist officers of the United States. Mere employees may not exercise the full powers of an officer of the United States, such as a U.S. Attorney. Thus, Smith does not have the power to bring an indictment in his own name.

Federal Rule of Appellate Procedure 29(a)(3) provides that a proposed amicus brief must state: "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted

are relevant to the disposition of the case." The reasons above illustrate that this motion and attached brief have complied with the relevant rules. *See generally* U.S. Supreme Court Rule 37(1) ("An *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court.").

Finally, pursuant to Federal Rule of Appellate Procedure 29(a)(2) and 11th Circuit Rule 29-1, Amici respectfully seek leave to file the attached amicus curiae brief supporting Defendants-Appellees Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, attached as Exhibit A. Undersigned counsel certifies that Amicus solicited consent from the parties. The Special Counsel did not object to the brief. Counsel for Donald J. Trump, Waltine Nauta, and Carlos De Oliveira provided consent.

For the foregoing reasons, the motion should be granted.

*/s/Eric Heigis*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
cweldon@texaspolicy.com
Texas Bar No. 24076767
MATTHEW MILLER

Texas Bar No. 24046444
mmiller@texaspolicy.com
ERIC HEIGIS
Virginia Bar No. 98221
ccalvin@texaspolicy.com
TEXAS PUBLIC POLICY
FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728
*Counsel for Amicus Curiae*

4

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Motion for Leave to File Amicus Curiae Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 511 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f).

I further certify that this Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook.

*/s/ Eric Heigis*
ERIC HEIGIS

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, a true and correct copy of the foregoing document was electronically filed through CM/ECF. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Eric Heigis*
ERIC HEIGIS