No. 24-12311-J

In the United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

WALTINE NAUTA and
CARLOS DE OLIVEIRA,

Defendants-Appellees.

**APPELLEES' MOTION TO STRIKE NOTICE OF RESPONSE
TO GOVERNMENT'S NOTICE AS TO NOTICE OF APPEAL**

John S. Irving, IV
E&W LAW, LLC

Stanley E. Woodward, Jr.
BRAND WOODWARD LAW, LP

Larry Donald Murrell, Jr.
L.D. MURRELL, P.A.

Richard C. Klugh
KLUGH WILSON, LLC

Counsel for Defendant
Carlos De Oliveira

Counsel for Defendant
Waltine Nauta

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

*United States v. Waltine Nauta, et al.*, **Case No. 24-12311-J**

Appellees file this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Advance Publications, Inc.

Alonso, Cristina

America First Legal Foundation

American Broadcasting Companies, Inc., d/b/a ABC News

Ayer, Donald

Blackman, Joshua

Blanche, Todd

Bloomberg, L.P.

Bove, Emil

Bowman, Chad

Bratt, Jay

Cable News Network, Inc.

Calabresi, Steven

Caldera, Louis

Cannon, Hon. Aileen

Cate, Matthew

CBS Broadcasting, Inc. o/b/o CBS News

Citizens for Responsibility and Ethics in Washington

Citizens United

Citizens United Foundation

CMG Media Corporation

Coleman, Tom

Conway, George

Cooney, J.P.

Couzo, Amber Aurora

Cox Enterprises, Inc. (COX) d/b/a The Atlanta Journal-Constitution

Dadan, Sasha

De Oliveira, Carlos

Dow Jones & Company, Inc., publisher of The Wall Street Journal

Dreeben, Michael

Edelstein, Julie

Fields, Lazaro

Fitzgerald, Patrick

Fort Myers Broadcasting Company

Fugate, Rachel Elise

Garland, Merrick B.

Gerson, Stuart

Gertner, Nancy

Gilbert, Karen E.

Gillers, Stephen

Goodman, Hon. Jonathan

Gray Media Group, Inc. (GTN)

Guardian News & Media Limited

Harbach, David

Hirsch, Steven A.

Hulser, Raymond

Insider, Inc.

Irving, John

Kise, Christopher

Klugh, Richard C.

Lacovara, Philip Allen

Landmark Legal Foundation

Lawson, Gary

Los Angeles Times Communications LLC, publisher of The Los

      Angeles Times

Maynard, Hon. Shaniek Mills

McElroy, Dana Jane

McKay, John

McNamara, Anne

Meese, Edwin

Mishkin, Maxwell

Mukasey, Hon. Michael B.

Murrell, Larry Donald

National Cable Satellite Corporation d/b/a C-SPAN

National Public Radio, Inc.

Nauta, Waltine

NBCUniversal Media, LLC d/b/a NBC News, a subsidiary of

     Comcast Corporation (CMCSA)

Orlando Sentinel Media Group, publisher of the Orlando Sentinel

Pearce, James

Pellettieri, John

Politico LLC

Potter, Trevor

Radio Television Digital News Association

Raskin, David

Raul, Alan Charles

Reeder, L. Martin Jr.

Reinhart, Hon. Bruce E.

Reuters News & Media, Inc.

Reynolds, Brett

Russell, Lauren

Salario, Samuel

Sample, James J.

Sasso, Michael

Schaerr, Gene

Seligman, Matthew A.

Smith, Abbe

Smith, Fern

Smith, Jack

State Democracy Defenders Action

Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel

TEGNA, Inc. (TGNA)

Telemundo Network Group, LLC d/b/a Noticias Telemundo

Thakur, Michael

The Associated Press

The E.W. Scripps Company (SSP)

The McClatchy Company, LLC (MNI) d/b/a the Miami Herald

The New York Times Company (NYT)

The Palm Beach Post and USA TODAY, publications operated by

      subsidiaries of Gannett Co., Inc. (GCI)

Thompson, Larry

Tillman, Seth Barrett

Tobin, Charles

Torres, Hon. Edwin

Trent, Edward H.

Tribe, Laurence

Troye, Olivia

Trump, President Donald J.

Trusty, James

Twardy, Stanley

United States of America

Univision Networks & Studios, Inc.

**APPELLEES' RESPONSE TO AND MOTION TO STRIKE
GOVERNMENT'S IMPROPER NOTICE CONCERNING
<u>NOTICE OF APPEAL (11TH CIR. NO. 25-10076)</u>**

The Government's filing, styled as "Notice" (App. Doc. 101), purports to

notify the Court of the Government's notice of appeal filed in the district court,

docketed in this Court as No. 25-10076. In fact, the Government's Notice is an

improper attempt to seek rehearing of this Court's previous order addressing the

district court's protective order temporarily enjoining the release of the Final Report

transmitted to the Attorney General by the Special Counsel whose appointment and

funding have been ruled unconstitutional by the district court.

The Government's procedural maneuvering reflects an effort to evade judicial

rules and process, both those imposed by this Court and those applicable to the

Defendants under the Constitution. This Court, in its Order denying the Appellees'

request for emergency relief, did not specify whether that denial was jurisdictional,

*see United States v. Ellsworth*, 814 F.2d 613 (1987); Doc. 93 at 8-9, or on the merits.[1]

Rather, the Court explained that if the Government were seeking relief from the

district court's January 7, 2025, order temporarily enjoining Report actions, it could

---

[1] There is a pending motion in the district court requesting the pertinent protective order relief. Defendants sought relief in both this Court and the district court in an abundance of caution and because the Government's appeal of the district court's dismissal order is pending. That being said, there are strong justifications for district court determination of the factual questions raised by the request for relief—and particularly those raised by the Government's proposed "middle ground" approach.

file a notice of appeal from that order.

Rather than adhering to the anticipated normal appellate process as this Court prescribed, and instead of requesting an expedited briefing schedule for disqualified Special Counsel Jack Smith's new *separate* appeal, the Government filed an improper purported "notice" in this Court that advises the Court of the notice of appeal and goes on to set forth arguments previously raised in opposition to the injunctive relief sought by Defendants. The "notice" filed in *this* appeal, however, was not filed by Jack Smith but rather by attorneys unaffiliated with Smith, and by the current United States Attorney for the Southern District of Florida.[2] The notice, while ostensibly filed as such, presents arguments of a motion seeking reconsideration—contrary to rules protecting the right of parties to fully respond.

This Court in its order of January 9, 2025, plainly attempted to inject order and procedure into this dispute; in filing a separate appeal to be able to demonstrate

---

[2] The term of the current U.S. Attorney ends on January 17, due to his resignation. Nevertheless, the U.S. Attorney's *only* role in this case is to prosecute the remaining criminal defendants; indeed, he entered this case *after* it was dismissed against President Trump. There is no defensible basis for Mr. Nauta and Mr. De Oliveira's prosecutor to urge release of the Final Report to Congress while their criminal case is still pending. His role in this case is materially different from that of the Attorney General. His involvement in seeking to disclose highly prejudicial information indicates the lengths to which the Government will go to use its law enforcement privileges to advance political aims at the close of the current Administration, and shows that disruption to the civilian Defendants' case (and ensuing denial of their due process rights) is being effected by an arm of Government whose responsibility is to enforce the law and to ensure that justice is done.

superficial compliance, but then seeking to litigate the matter further in *this* appeal, the Government has disregarded those clear instructions. The Government also asks this Court to consolidate the appeal. To the extent this Court decides to do so, Defendants ask for a briefing schedule and a right of response to litigate the merits.

Defendants reasonably seek a right to respond to the arguments raised by the Government in its improper notice—unless this Court decides to strike this notice as an improperly filed request for rehearing on the merits of the injunctive relief requested. This Court properly rejected the Government's effort to seek affirmative relief in its response to Appellees' motion for injunctive relief, and this latest submission by the government for another procedural workaround should be rejected. The Government's procedural irregularity and manifest effort to deprive not only the Appellees, but also the intervenor, President-elect Trump, an opportunity to litigate the Government's newly adopted appeal tactics should not be accepted. Any impetus of individual members of the Justice Department toward any form of procedurally irregular discounting of full review of the district court's underlying ruling in the criminal case does not give the Government the right to abuse process and procedure as to these presumed innocent Appellee civilian Defendants.

This Court's January 9, 2025 Order does not contemplate a ruling on the mere filing of a notice of appeal alone, which is precisely what the Government seeks in

its improper "notice." The Government also claims non-existent exigencies, pointing only to the fact that *Defendants* requested emergency relief. Defendants requested emergency relief because the Government was going to disclose confidential matters in their *pending criminal case* if the courts did not step in and act. There are no due process rights of the Attorney General at stake; the only urgency claimed by the Government is political urgency. And the political urgency is inherently personal, claimed by *those who occupy the office* and not by the office itself, which of course has no political affiliation.

The Government actors (and former Government actor—the disqualified Special Counsel) pursuing this new appeal need to request expedited briefing, and need to submit a memorandum requesting specific relief if they want to advance the briefing schedule. This Court's January 9, 2025 order does not say that the Government will be entitled to automatic briefing; rather, it stands for the principle that if the Government wants the Court to authorize something, it must so request pursuant to *process*, and subject itself to the adversarial system. The Government cannot disregard that adversarial system—by submitting to Congress a one-sided report containing cherry-picked confidential evidence; and by doing so after an attempt to evade Court requirements governing motion and appellate briefing. If the Government wants to modify such requirements in this case, it must make specific requests. It cannot file purported "notices" demanding relief without a right of

response.

The Government tries to argue the merits of its new appeal in its improper notice, asserting that "the district court had no proper basis for preventing the Attorney General from making Volume 2 available for in camera review by the Chairmen and Ranking Members of the House and Senate Judiciary Committees, pursuant to restrictions to protect confidentiality and subject to redactions to protect information protected by Rule 6(e) and court orders," and "the district court had no basis at all for enjoining the public release of Volume One, which relates to a prosecution that does not concern defendants and which, in any event, defendants have identified no plausible merits theory for enjoining." Doc. 101 at 2. This is a flimsy attempt at appellate briefing that could well be deemed as waiving the issue under this Circuit's precedent. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 & cases cited therein (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

CONCLUSION

Defendants ask this Court to require order as to this process, as its attempts to do so yesterday were apparently lost on the Government. Hence, this Court should strike, or otherwise deny any relief sought by, the notice.

Dated: January 10, 2025      Respectfully submitted:


/s/ Stanley E. Woodward, Jr.              /s/ John S. Irving, IV
Stanley E. Woodward, Jr                   John S. Irving,
BRAND WOODWARD LAW, LP                    E&W LAW, LLC
400 Fifth Street NW, Ste 350              1455 Pennsylvania Ave NW, Ste 400
Washington, DC 20001                      Washington, DC 20004
(202) 996-7447 (telephone)                (301) 807-5670
stanley@brandwoodwardlaw.com              john.irving@earthandwatergroup.com


/s/ Richard C. Klugh                      /s/ Larry Donald Murrell, Jr.
Richard C. Klugh                          Larry Donald Murrell, Jr.
Fla. Bar No. 305294                       Fla. Bar No. 326641
KLUGH WILSON, LLC                         L.D. MURRELL, P.A.
40 N.W. 3rd Street, PH1                   400 Executive Center Drive, Ste 201
Miami, FL 33128                           West Palm Beach, FL 33401
(305) 536-1191 (telephone)                (561) 686-2700 (telephone)
klughlaw@gmail.com                        ldmpa@bellsouth.net


Counsel for Defendant Waltine Nauta       Counsel for Defendant Carlos De
                                          Oliveira


## CERTIFICATE OF COMPLIANCE

I hereby certify that this document contains 1,298 words and complies with the typeface and type-style requirement of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a WordPerfect proportionally spaced Times New Roman 14-point font.

/s/ Richard C. Klugh
Richard C. Klugh, Esq.