No. 25-10076

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

Appellant,

v.

WALTINE NAUTA and CARLOS DE OLIVEIRA,

Defendants-Appellees.

———————————

On Appeal from the United States District Court
for the Southern District of Florida

———————————

**EMERGENCY MOTION FOR SUMMARY REVERSAL OF
DISTRICT COURT INJUNCTION AND FOR CONSOLIDATION WITH
CASE NO. 24-12311**

———————————

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

MARKENZY LAPOINTE
  *United States Attorney*

MARK R. FREEMAN
  *Appellate Staff*
  *Civil Division, Room 7519*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-5714*

*United States v. Nauta*, No. 25-10076

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Plaintiff-Appellant the

United States of America certify that the following have an interest in the outcome of

this appeal:

 

1.  Advance Publications, Inc.

2.  Alonso, Cristina

3.  America First Legal Foundation

4.  America First Policy Institute

5.  America's Future

6.  American Broadcasting Companies, Inc., d/b/a ABC News

7.  American Center for Law and Justice

8.  Ayer, Donald

9.  Bell, Daniel W.

10. Berry, Michael

11. Bird, Brenna

12. Blackman, Joshua

13. Blanche, Todd

14. Bloomberg, L.P.

15. Bondi, Pamela J.

\* Additions to previous certificate marked with an asterisk.

*United States v. Nauta*, No. 25-10076

16.    Boos, Michael

17.    Bove, Emil

18.    Bowman, Chad

19.    Bratt, Jay

20.    Cable News Network, Inc.

21.    Calabresi, Steven

22.    Caldera, Louis

23.    Cannon, Hon. Aileen

24.    Cate, Matthew

25.    CBS Broadcasting, Inc. o/b/o CBS News

26.    Citizens for Responsibility and Ethics in Washington

27.    Citizens United

28.    Citizens United Foundation

29.    Clark, Jeffrey B.

30.    CMG Media Corporation

31.    Coleman, Russell

32.    Coleman, Tom

33.    Commonwealth of Kentucky

34.    Conservative Legal Defense and Education Fund

35.    Conway, George

36.    Cooney, J.P.

*United States v. Nauta*, No. 25-10076

37.    Cox Enterprises, Inc. (COX) d/b/a The Atlanta Journal-Constitution

38.    Cynkar, Robert J.

39.    Dadan, Sasha

40.    De Oliveira, Carlos

41.    Dow Jones & Company, Inc., publisher of The Wall Street Journal

42.    Dreeben, Michael

43.    Drummond, Gentner

44.    Edelstein, Julie

45.    Ekonomou, Andrew J.

46.    Fields, Lazaro

47.    Fitzgerald, Patrick

48.    Forrester, Nathan A.

49.    Fort Myers Broadcasting Company

50.    Freeman, Mark R.

51.    Fugate, Rachel

52.    Garland, Merrick B.

53.    Gerson, Stuart

54.    Gertner, Nancy

55.    Gilbert, Karen E.

56.    Gillers, Stephen

57.    Goodman, Hon. Jonathan

*United States v. Nauta*, No. 25-10076

58. Gray Media Group, Inc. (GTN)

59. Griffin, Tim

60. Guardian News & Media Limited

61. Gun Owners Foundation

62. Gun Owners of America

63. Gun Owners of California

64. Harbach, David

65. Heigis, Eric

66. Henneke, Robert

67. Hilgers, Michael T.

68. Hirsch, Steven A.

69. Hulser, Raymond

70. Insider, Inc.

71. Irving, John

72. Jackley, Marty J.

73. Jorjani, Daniel H.

74. Kise, Christopher

75. Klugh, Jr., Richard Carroll

76. Klukowski, Kenneth A.

77. Knudsen, Austin

78. Kobach, Kris

*United States v. Nauta*, No. 25-10076

79. Kozinski, Alex

80. Labrador, Raúl R.

81. Lacovara, Philip Allen

82. Landmark Legal Foundation

83. Lapointe, Markenzy

84. Lawson, Gary

85. Los Angeles Times Communications LLC, publisher of The Los Angeles Times

86. MacDougald, Harry W.

87. Marshall, Steve

88. Maynard, Hon. Shaniek Mills

89. McElroy, Dana J.

90. McKay, John

91. McNamara, Anne

92. McSweeney, Patrick M.

93. Meese, Edwin

94. Miller, Justin A.

95. Miller, Matthew

96. Mishkin, Maxwell

97. Moelker, Nathan J.

98. Monson, Darrick W.

*United States v. Nauta*, No. 25-10076

99.     Moody, Ashley

100.    Morgan, Jeremiah L.

101.    Morrisey, Patrick

102.    Mukasey, Hon. Michael B.

103.    Murrell, Larry Donald

104.    National Cable Satellite Corporation d/b/a C-SPAN

105.    National Public Radio, Inc.

106.    Nauta, Waltine

107.    NBCUniversal Media, LLC d/b/a NBC News, a subsidiary of Comcast Corporation (CMCSA)

108.    Nielson, Aaron L.

109.    Olson, William J.

110.    One Nation Under God Foundation

111.    Orlando Sentinel Media Group, publisher of the Orlando Sentinel

112.    Paxton, Ken

113.    Pearce, James

114.    Pellettieri, John

115.    Pettit, Lanora C.

116.    POLITICO LLC

117.    Potter, Trevor

118.    Public Advocate of the United States

*United States v. Nauta*, No. 25-10076

119.   Radio Television Digital News Association

120.   Raul, Alan Charles

121.   Ray, Robert W.

122.   Reinhart, Hon. Bruce E.

123.   Reuters News & Media, Inc.

124.   Reyes, Sean

125.   Rokita, Theodore E.

126.   Roth, Stuart J.

127.   Russell, Lauren

128.   Salario, Samuel

129.   Sample, James J.

130.   Sasso, Michael

131.   Schaerr, Gene

132.   Sekulow, Jay Alan

133.   Sekulow, Jordan

134.   Seligman, Matthew

135.   Sisney, Benjamin P.

136.   Skrmetti, Jonathan

137.   Smith, Abbe

138.   Smith, Fern

139.   Smith, Jack

*United States v. Nauta*, No. 25-10076

140.    State Democracy Defenders Action

141.    State of Alabama

142.    State of Alaska

143.    State of Arkansas

144.    State of Florida

145.    State of Idaho

146.    State of Indiana

147.    State of Iowa

148.    State of Kansas

149.    State of Louisiana

150.    State of Mississippi

151.    State of Missouri

152.    State of Montana

153.    State of Nebraska

154.    State of Oklahoma

155.    State of South Carolina

156.    State of South Dakota

157.    State of Tennessee

158.    State of Texas

159.    State of Utah

160.    State of West Virginia

*United States v. Nauta*, No. 25-10076

161.   Steinman, Jessica Hart

162.   Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel

163.   TEGNA, Inc. (TGNA)

164.   Telemundo Network Group, LLC d/b/a Noticias Telemundo

165.   Texas Public Policy Foundation

166.   Thakur, Michael

167.   The Associated Press

168.   The E.W. Scripps Company (SSP)

169.   The McClatchy Company, LLC (MNI) d/b/a the Miami Herald

170.   The New York Times Company (NYT)

171.   The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc. (GCI)

172.   Thompson, Larry

173.   Tillman, Seth Barrett

174.   Tobin, Charles

175.   Torres, Hon. Edwin

176.   Treg, Taylor

177.   Trent, Edward H.

178.   Tribe, Laurence

179.   Troye, Olivia

180.   Trump, Donald J.

*United States v. Nauta*, No. 25-10076

181.  Trusty, James

182.  Twardy, Stanley

183.  United States of America

184.  Univision Networks & Studios, Inc.

185.  U.S. Constitutional Rights Legal Defense Fund

186.  VanDevender, Cecil

187.  Webster, Brent

188.  Weiss, Stephen

189.  Weld, William

190.  Weldon, Chance

191.  Wessan, Eric H.

192.  Wharton, Kendra

193.  Whitaker, Henry C.

194.  Whitaker, Matthew

195.  Whitman, Christine Todd

196.  Wilson, Alan

197.  Woodward, Stanley

198.  WP Company LLC d/b/a The Washington Post

*United States v. Nauta*, No. 25-10076

199.    WPLG, Inc.

Respectfully submitted,


By:    /s/ Mark R. Freeman
MARK R. FREEMAN

# TABLE OF CONTENTS

**<u>Page</u>**

INTRODUCTION ...................................................................................................... 1

BACKGROUND ....................................................................................................... 4

ARGUMENT ........................................................................................................... 10

I.     This Court Has Jurisdiction To Review The District Court's Injunction ........ 11

II.    The District Court's Injunction Is Unnecessary And Contrary to Law ............ 12

CONCLUSION ....................................................................................................... 17

CERTIFICATE OF COMPLIANCE

**INTRODUCTION**

This appeal (Case No. 25-10076) concerns a question that was the subject of recent emergency motions practice in Case No. 24-12311, an appeal already pending in this Court that arose from the same district court case. The United States respectfully requests that this appeal be consolidated with the prior appeal. *See* 11th Cir. R. 12-2.

At issue is an injunction barring dissemination of the Final Report that Special Counsel Smith recently submitted to the Attorney General pursuant to Justice Department regulations. *See* 28 C.F.R. § 600.8(c) ("Closing documentation"). That Final Report comprises two volumes. Volume One concerns the Special Counsel's investigation and prosecution relating to the 2020 presidential election in Washington, D.C. (Election Case). Volume Two concerns the Special Counsel's investigation and prosecution of defendants-appellees Waltine Nauta and Carlos De Oliveira, as well as President-elect Trump, relating to the mishandling of classified documents (Classified Documents Case).

Under Justice Department regulations, the Attorney General "may determine that public release of these reports would be in the public interest, to the extent that release would comply with applicable legal restrictions." 28 C.F.R. § 600.9(c). In practice, given the enormous public interest that frequently attends matters Special Counsels are charged with investigating, *cf.* 28 C.F.R. § 600.1 (grounds for appointment), Attorneys General have generally approved the public release of the

final reports issued by Special Counsels, subject to any prohibitions under law, such as for classified or grand jury material, and necessary redactions. Earlier in the Biden administration, for example, Attorney General Garland publicly released the final reports of Special Counsel Hur and Special Counsel Durham (except for a classified appendix); likewise, during the first Trump administration, Attorney General Barr publicly released the final report of Special Counsel Mueller.

In this case, the Attorney General has determined that it is appropriate to publicly release Volume One of the Final Report, if the Court permits. On the other hand, to avoid any risk of prejudice to defendants Nauta and De Oliveira, the Attorney General has determined, at the recommendation of the Special Counsel, that he will not publicly release Volume Two of the Final Report, which relates to the Classified Documents Case, so long as defendants' criminal proceedings remain pending. If permitted by the Court, the Attorney General does, however, intend to make Volume Two available for in camera review by the Chairmen and Ranking Members of the House and Senate Judiciary Committees upon their request and agreement not to publicly release any information from that review.

This appeal concerns an injunction entered by the district court temporarily enjoining all dissemination of both volumes of the Final Report. *See* Addendum (Add.) A. On January 6 and 7, defendants Nauta and De Oliveira filed motions for emergency injunctive relief both in the district court and in this Court. The district

court deferred to this Court but entered a temporary injunction that bars the Attorney General from sharing the Final Report with anyone outside the Department of Justice until "three days after" this Court's resolution of the parallel motion in this Court. Add. A; *see* Dkt. No 682 at 2. The district court's injunction blocks the release of the entire Final Report, including Volume One, which does not concern either Nauta or De Oliveira. And it bars the Attorney General from making any portion of the Final Report available even for in camera review by the Chairmen and Ranking Members of the House and Senate Judiciary Committees under conditions designed to protect its confidentiality.

This Court, after considering defendants' fully briefed motion and supporting amicus briefs, denied defendants' motion for injunctive relief. Add. B; *see* Order 2, *United States v. Nauta*, No. 24-12311 (Jan. 9, 2025 11th Cir.) (Order Denying Emergency Inj.). In denying defendants' motion, this Court explained that if the United States affirmatively "seeks relief from the district court's . . . order temporarily enjoining" dissemination of the Final Report, it "may file a notice of appeal from that order." Order Denying Emergency Inj. 2.

This is the government's appeal from the district court's temporary injunction. Defendants have now asked the district court to extend its temporary injunction indefinitely and to conduct hearings regarding the propriety of the Attorney General's release of the Final Report. Add. D. The United States respectfully requests that the

Court summarily reverse the district court's injunction for substantially the same reasons that supported denial of defendants' motion for injunctive relief in this Court. At a minimum, the Court should immediately reverse the injunction to the extent it applies to Volume One. That volume has nothing to do with these defendants, and the district court had no authority to enjoin the release of a report about a different case against a different defendant that was bought (and since dismissed) in a different court. Because the government is likely to succeed on the merits, and because the irreparable harm to the United States and the public interest far exceeds any injury to defendants from allowing the Attorney General to proceed as he has proposed, summary reversal is warranted.

## BACKGROUND

1. Department of Justice regulations authorize the Attorney General to appoint a Special Counsel to oversee a criminal investigation under certain prescribed circumstances. *See* 28 C.F.R. § 600.1. The Special Counsel regulations further provide that, "[a]t the conclusion of the Special Counsel's work, he or she shall provide the Attorney General with a confidential report explaining the prosecution or declination decisions reached by the Special Counsel." *Id.* § 600.8(c). The Attorney General then has the discretion to determine whether "public release of these reports would be in the public interest, to the extent that release would comply with applicable legal restrictions." *Id.* § 600.9(c).

4

2.  Special Counsel Smith was appointed by the Attorney General to investigate certain matters. Office of the Attorney Gen., Order No. 5559-2022, *Appointment of John L. Smith as Special Counsel* ¶ (c) (Nov. 18, 2022). Those investigations resulted in two separate prosecutions. The indictment from which this litigation arises alleged that President-elect Trump willfully retained national defense information, and it charged Trump, Nauta, and De Oliveira with multiple counts, including obstructing and conspiring to obstruct an official proceeding and making false statements. Dkt. 85. That indictment was dismissed by the district court as to all three defendants, and the United States appealed.

The other proceeding, brought in the District of Columbia, concerned the Election Case. Neither Nauta or De Oliveira were defendants or otherwise implicated in that case.

3.  After President Trump's re-election, the Special Counsel dismissed the proceeding in the District of Columbia. In this case, the Special Counsel withdrew the government's appeal of the dismissal of the indictment against Trump, but maintained the appeal as to the other two defendants. Responsibility for the case was then transferred to the U.S. Attorney for the Southern District of Florida.

4.  The Special Counsel's Final Report for the Attorney General (*see* 28 C.F.R. § 600.8(c)) was structured with two separate volumes, the first devoted to the Election Case and the second devoted to the subject matter of this litigation, the Classified

Documents Case.  Although not required by the applicable regulations, the Special

Counsel, consistent with an example set by Special Counsel Hur, allowed counsel for

all three defendants to review the draft report.  Counsel for President-elect Trump

was provided an opportunity to review both volumes of the Final Report.  Counsel

for Nauta and De Oliveira were allowed to review Volume Two (the volume relevant

to them).

     5.  On January 6, defendants Nauta and De Oliveira filed an emergency motion

in the district court seeking to enjoin the Special Counsel from transmitting the Final

Report to the Attorney General and the Attorney General from releasing any portion

of the Final Report.  Dkt. 679.  President-elect Trump filed a motion to intervene in

the proceeding to support the remaining defendants' emergency motion.  Dkt. 681.

The morning of January 7, defendants Nauta and De Oliveira sought similar

emergency relief from this Court by filing a motion on the docket for the United

States' appeal from the dismissal order, Case No. 24-12311.

     Shortly before noon on January 7, the district court issued an order stating that

"[p]ending resolution of the Emergency Motion filed in the Eleventh Circuit and/or

any further direction from the Eleventh Circuit" various government officials,

including the Attorney General, are temporarily enjoined from releasing or sharing the

Final Report "outside the Department of Justice."  Add. A; *see* Dkt. 682 at 2.  The

order specified that this prohibition would "remain[] in effect until three days after

resolution by the Eleventh Circuit of the Emergency Motion, unless the Eleventh Circuit orders otherwise." *Id.* (emphasis omitted). The order did not preclude the Special Counsel from transmitting the Final Report to the Attorney General. The court further noted that its order "shall not be construed as a final ruling on the merits of the Emergency Motion, which remains pending before this Court subject to any directives from the Eleventh Circuit." *Id.* at 3. The order did not address President-elect Trump's motion for intervention, which remains pending.

6. On the evening of January 7, both volumes of the Final Report were transmitted by the Special Counsel to the Attorney General, as permitted by the district court's order. Consistent with Justice Department practice, the Attorney General did not review the report before its transmission. Because Volume Two concerns this prosecution in this case and the case remains pending on appeal as to defendants Nauta and De Oliveira, the Special Counsel explained in his cover letter to the Attorney General that, "consistent with Department policy, Volume Two should not be publicly released while their case remains pending." The Special Counsel further explained that "[b]oth volumes minimize the identification of witnesses and co-conspirators, consistent with accepted Department practice, and we have provided a redacted version of Volume Two that identifies certain information that remains under seal or is restricted from public disclosure by Federal Rule of Criminal Procedure 6(e)."

Consistent with the Special Counsel's recommendation, and Southern District of Florida Local Rule 77.2, the Attorney General does not intend to make Volume Two of the Final Report public while the case against Nauta and De Oliveira remains pending. But in light of congressional interest in the work of Special Counsel Smith, the Department of Justice, if permitted, intends to make Volume Two available to certain members of Congress on a limited basis. Specifically, if permitted, a redacted version of Volume Two of the Final Report (redacting only grand-jury and sealed information that the Department is prohibited by law or court order from disseminating), together with the appendices for Volume Two, will be made available to the Chairmen and Ranking Members of the House and Senate Judiciary Committees for review in camera upon their request and agreement prohibiting any public release of the Final Report's contents. *Cf.* 28 C.F.R. § 600.9(a). The redacted version of Volume Two submitted by Special Counsel Smith that will be provided for limited congressional review, if permitted by relevant court orders, redacts all information that remains under seal or is restricted from public disclosure under Rule 6(e).

As noted above, the Attorney General intends to publicly release Volume One and to make it available to Congress, if permitted by relevant court orders. Volume One does not contain any information restricted from public disclosure under Rule

6(e) or any sealed information.  Nor does Volume One mention defendants Nauta or De Oliveira or their conduct at issue in this case.

7.  On the evening of January 9, this Court issued an Order denying the motion for an emergency injunction filed by defendants Nauta and De Oliveira.  Add. B; *see* Order Denying Emergency Inj. 2.  The Court further specified that, if the Appellant (*i.e.,* the United States) "seeks relief from the district court's January 7, 2025, order temporarily enjoining Appellant, Appellant may file a notice of appeal from that order."  *Id.*  That same evening, the United States noticed this appeal seeking review of the district court's temporary injunction and notified this Court that it had done so, requesting that this Court therefore vacate the district court's temporary injunction.  *See* Doc. 101 (Case No. 24-12311).  Defendants today filed a response to that notice and moved to strike it, on the grounds that the government should have sought relief by making a filing in the newly opened appeal (this case, No. 25-10076).  *See* Doc. 102 (Case No. 24-12311).

8.  Also today, defendants filed a new motion asking the district court to extend its injunction.  Add. D; *see* Dkt. No. 689.  The motion requests an order from the district court "maintaining the status quo pending the resolution of proceedings on a separate appellate motion for emergency relief, continues in effect pending resolution of all appellate matters arising from such appellate litigation."  *Id.* at 1.  Alternatively, the defendants' motion asks the district court to "extend its present status quo order

to such time as this Court resolves the Defendants' pending emergency request for injunctive relief." In support of their request for a further injunction from the district court, defendants asserted that this Court "clearly signaled that it views the questions raised by this dispute as properly before [the district court] in the first instance." *Id.* at 3. The motion asks the district court to hold a hearing on defendants' original emergency motion. *Id.* at 4-5.

## ARGUMENT

This Court should summarily reverse the district court's temporary injunction, which is unnecessary and contrary to law. That is indisputable as to Volume One, which does not relate to defendants or the case before the district court. And as we have explained, the Attorney General will not publicly release Volume Two of the Final Report while criminal proceedings against defendants remain pending. There is therefore no risk of prejudice to defendants and no basis for an injunction as to Volume Two either. At the same time, the United States and the public interest face significant injury from the district court's ongoing injunction. This Court already denied defendants' motion requesting an injunction on the same terms as the temporary one granted by the district court. Under these unusual circumstances, and given the clarity of the legal issues, the United States asks that the Court summarily reverse the district court's injunction.

10

## I.    This Court Has Jurisdiction To Review The District Court's Injunction

The district court "temporarily enjoined" (Dkt. 682 at 2) the Attorney General and other officials from sharing any portion of the Final Report outside the Department of Justice.  That order did not merely preserve the status quo to allow this Court to hear defendants' emergency motion in Case No. 24-12311, but rather imposed relief for three days beyond this Court's denial of defendants' motion.  *Id.* That order is properly construed as injunctive in nature, and this Court can review that order pursuant to 28 U.S.C. § 1292(a).  Indeed, this Court has already indicated that the government may seek review of the district court's order by "fil[ing] a notice of appeal."  *See* Order Denying Emergency Inj. 2.

Defendants may argue that the district court's injunction should be treated as a temporary restraining order, which is normally not appealable under Section 1292.  *See Pearson v. Kemp*, 831 F. App'x 467, 471 (11th Cir. 2020).  But the district court did not frame its order in those terms or cite the TRO provisions of Rule 65(b) of the Federal Rules of Civil Procedure—which is perhaps unsurprising for an injunctive order issued in a criminal case.  Instead, the district court enjoined the actions of the Attorney General pending this Court's resolution of a parallel motion—and then added an extra three days of injunction.  That is not a traditional TRO, but an unjustified prohibitory injunction.  Under the circumstances, furthermore, even if analyzed as a TRO, the district court's January 7 injunction would be appealable:  this

11

Court has recognized that "when a grant or denial of a TRO might have a serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal, we may exercise appellate jurisdiction." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005).

In any case, to the extent there is any doubt concerning the Court's authority to review the temporary injunction, we respectfully request that the Court construe our appeal as a petition for a writ of mandamus and grant relief on that basis. *See Suarez-Valdez v. Shearson Leahman/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) (holding that appeal can be construed as a petition for mandamus if the Court harbors doubts as to its appellate jurisdiction); *see also* 28 U.S.C. § 1651 (providing that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

## II.     The District Court's Injunction Is Unnecessary And Contrary to Law

On the merits, the district court's injunction cannot be sustained.  It intrudes without basis on the Attorney General's prerogative to manage the affairs of the Justice Department, including to determine whether to make public a report prepared by subordinate officials within the Department, *cf.* 28 U.S.C. § 509, as well as on the authority expressly recognized in Justice Department regulations to "determine that public release" of a Special Counsel report "would be in the public interest," 28 C.F.R. § 600.9(c).  As explained in greater length in the United States' opposition to

defendants' motion in Case No. 24-12311 (*see* Add. C), defendants offer no cognizable basis for restricting the Attorney General's discretion in this regard.  Indeed, this Court denied defendants' motion.

Defendants' primary contention in seeking injunctive relief has been that an injunction is necessary to prevent prejudice in the still-ongoing criminal case against them.  The Department of Justice, however, is committed to ensuring the integrity of the Department's criminal prosecutions as long as they remain pending.  To prevent the risk of prejudice to defendants Nauta's and De Oliveira's criminal case, the Attorney General has agreed with the Special Counsel's recommendation that Volume Two of the Final Report should not be publicly released while the case against the defendants remains pending.  *See* 28 C.F.R. § 600.9(c).  If permitted, the Attorney General does intend to make Volume Two of the Final Report available for in camera review only by the Chairmen and Ranking Members of the House and Senate Judiciary Committees, pursuant to restrictions to protect confidentiality.  Even then, however, consistent with legal requirements, the version of the report prepared by Special Counsel Smith that the Department will make available in camera for congressional review (if permitted) redacts grand jury information protected by Rule 6(e) as well as information sealed by court order.  There is therefore no risk of prejudice to defendants and no basis for an injunction against the Attorney General. The balance of harms plainly favors summary reversal.

13

The district court's injunction is even more plainly erroneous with respect to Volume One of the Final Report. The Attorney General has determined, consistent with 28 C.F.R. § 600.9(c), that immediate public release of Volume One would be in the public interest. But that Volume concerns the Election Case; it does not concern defendants Nauta or De Oliveira. Defendants identify no plausible theory of Article III standing that would justify this Court in enjoining, at defendants' behest, the Attorney General's disposition of a volume of the Final Report that does not implicate them. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (explaining that because "standing is not dispensed in gross," parties "must demonstrate standing" for "each form of relief that they seek."). Indeed, with respect to Volume One of the Final Report, defendants are hardly differently situated than any other member of the public.

Though the district court entered its injunction before deciding President-elect Trump's motion to intervene, he too would have no basis to seek to block the public release of Volume One of the Final Report. In particular, none of the arguments raised by defendants Nauta and De Oliveira regarding prejudice to their potential defenses to prosecution in this matter would apply, since the President-elect is no longer a defendant in any Special Counsel matter. And even if the President-elect had colorable legal grounds for seeking to block the public release of Volume One, there would be no basis for seeking that relief by attempting to intervene in this separate

14

criminal case. Whatever authority a district court might have to enjoin the release of information about a criminal case pending before *that* court, it has no authority to block the release of information about a different case against a different defendant in a different court.

2. Beyond the now-allayed concerns about prejudice to the defendants in the Classified Documents Case, there is no plausible basis for injunctive relief as to either volume of the report. The defendants have argued at length that the Special Counsel is not, in fact, a valid Special Counsel, and therefore cannot prepare or transmit a valid Special Counsel report to the Attorney General. The United States has explained in its merits briefs in Case No. 24-12311 the multiple errors in defendants' appointments- and appropriations-related arguments. *See also, e.g.*, *United States v. Nixon*, 418 U.S. 683, 694 (1974) (concluding with respect to Special Counsel Cox that the Attorney General has "the power to appoint subordinate officers to assist him in the discharge of his duties"); *In re Grand Jury Investigation*, 916 F.3d 1047, 1053 (D.C. Cir. 2019) (rejecting analogous challenge to appointment of Special Counsel Mueller). But, in any event, those arguments are irrelevant at this stage in light of the Special Counsel's transmission of the Final Report to the Attorney General. All that is left is for the Attorney General to determine how to handle that report, and his authority in this respect is clear.

Even if one accepted arguendo defendants' premise that the Special Counsel was invalidly appointed, it still would not follow that the Final Report was somehow improper. There can be no serious question that the Attorney General had, at a minimum, the statutory authority to hire Jack Smith and his staff as employees of the Department of Justice. *See* 5 U.S.C. § 3101. The Supreme Court has recognized that investigative reports can be prepared by individuals who have not been appointed as officers of the United States. *See Buckley v. Valeo*, 424 U.S. 1, 137 (1976) (per curiam) (holding that non-officers can perform tasks of "an investigative and informative nature"). There is, therefore, no appointments-based reason to doubt Special Counsel Smith's authority to draft a report summarizing the activities of his office—much less to prevent the Attorney General from receiving or disposing of that report under Department regulations.

The Attorney General is the Senate-confirmed head of the Department of Justice and is vested with the authority to supervise all officers and employees of the Department. The Attorney General thus has authority to decide whether to release an investigative report prepared by his subordinates. That authority is inherent in the office of Attorney General, *cf.* 28 U.S.C. § 509; it does not depend on the lawfulness of the Special Counsel's appointment to take actions as an inferior officer of the United States or on the Department's specific regulations authorizing the Attorney General to approve the public release of Special Counsel reports, *see* 28 C.F.R.

16

§ 600.9(c). Indeed, the Attorney General would have the authority to decide whether to publicly release a report prepared and provided to the Department by wholly private citizens. Defendants' objections to the Special Counsel's appointment thus simply have no bearing on the Attorney General's authority here.

As we explained in opposing injunctive relief in Case No. 24-12311, defendants' other legal theories are equally baseless.

## CONCLUSION

We respectfully request that this Court (i) consolidate this appeal with Case No. 24-12311; and (ii) immediately and summarily reverse the district court's temporary injunction in full. And at a minimum, the Court should immediately and summarily reverse the injunction to the extent it applies to Volume One of the Final Report, which does not relate to these defendants.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney*
*General*

MARKENZY LAPOINTE
*United States Attorney*

*s/ Mark R. Freeman*

MARK R. FREEMAN
*Director, Appellate Staff*
*Civil Division, Room 7519*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-5714*

17

*Mark.freeman2@usdoj.gov*

January 2025

**CERTIFICATE OF COMPLIANCE**

This filing complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains <u>3,915</u> words. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Garamond 14-point font, a proportionally spaced typeface.


_s/ Mark R. Freeman_

MARK R. FREEMAN

Addendum A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON**

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

      Defendants.

_____/

## <u>ORDER</u>

Before the Court is an Emergency Motion filed on January 6, 2025, by Defendants Waltine Nauta and Carlos De Oliveira to Preclude Release of a Final Report by Special Counsel Jack Smith [ECF No. 679]. The Emergency Motion seeks a ruling by January 10, 2025, and contains an appropriate certification under Local Rule 7.1(d) and a request for a hearing. S.D. Fla. L.R. 7.1(d). The Emergency Motion, filed to preserve the status quo, seeks immediate injunctive relief to prevent irreparable injury from the reported imminent release to the public of a Final Report prepared by Special Counsel Smith. This morning, Defendants filed a nearly identical emergency motion before the United States Court of Appeals for the Eleventh Circuit in a pending appeal by the Special Counsel of an Order Granting Defendants' Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation [ECF No. 672]. *See* 11th Cir. Case No. 24-12311 (ECF No. 85). The appellate motion seeks additional specific relief in the form of a stay or injunction pending appeal, Fed. R. App. P. 8, along with an order remanding to this Court for

CASE NO. 23-80101-CR-CANNON

consideration of the legality of any public release of the Final Report pending resolution of the

ongoing appeal.  *See* 11th Cir. Case No. 24-12311 (ECF No. 85).

To preserve the status quo as this Court awaits resolution by the Eleventh Circuit of the

similar Emergency Motion, to prevent irreparable harm arising from the circumstances as

described in the current record in this emergency posture, and to permit an orderly and deliberative

sequence of events, it is **ORDERED AND ADJUDGED** as follows:

1. Pending resolution of the Emergency Motion filed in the Eleventh Circuit and/or any further

    direction from the Eleventh Circuit, Attorney General Garland, the Department of Justice,

    Special Counsel Smith, all of their officers, agents, and employees, and all persons acting in

    active concert or participation with such individuals, *see* Fed. R. Civ. P. 65(d)(2), are

    **TEMPORARILY ENJOINED** from (a) releasing, sharing, or transmitting the Final Report

    or any drafts of such Report outside the Department of Justice, or (b) otherwise releasing,

    distributing, conveying, or sharing with anyone outside the Department of Justice any

    information or conclusions in the Final Report or in drafts thereof.  This Order remains in effect

    until **three days** after resolution by the Eleventh Circuit of the Emergency Motion, unless the

    Eleventh Circuit orders otherwise.

2. Defendants Nauta and De Oliveira shall promptly file a Notice in this Court advising of any

    activity by the Eleventh Circuit related to the Emergency Motion, and shall thereafter file

    copies of any such orders or motions in the electronic docket.

3. The Clerk is directed to promptly **TRANSMIT A COPY** of this Order to Attorney General

    Garland, Special Counsel Smith, the United States Attorney for the Southern District of

    Florida, and the Clerk of the Eleventh Circuit for filing in 11th Circuit Appeal No. 24-12311.

CASE NO. 23-80101-CR-CANNON

4.  This Order shall not be construed as a final ruling on the merits of the Emergency Motion,

which remains pending before this Court subject to any directives from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of January

2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

Addendum B

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 09, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  24-12311-SS
Case Style:  USA v. Donald Trump, et al
District Court Docket No:  9:23-cr-80101-AMC

The enclosed order has been ENTERED.

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website.

Clerk's Office Phone Numbers
General Information:     404-335-6100     Attorney Admissions:        404-335-6122
Case Administration:    404-335-6135     Capital Cases:              404-335-6200
CM/ECF Help Desk:       404-335-6125     Cases Set for Oral Argument: 404-335-6141

MOT-2 Notice of Court Action

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12311

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

WALTINE NAUTA,
CARLOS DE OLIVEIRA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80101-AMC

_____

2                    Order of the Court                    24-12311

ORDER:

Appellees' "Emergency Motion for Injunction with Relief Requested by January 10, 2025" is DENIED.

To the extent that Appellant seeks relief from the district court's January 7, 2025, order temporarily enjoining Appellant, Appellant may file a notice of appeal from that order.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION

Addendum C

No. 24-12311

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

WALTINE NAUTA and CARLOS DE OLIVEIRA,

Defendants-Appellees.

———————————

On Appeal from the United States District Court
for the Southern District of Florida

———————————

**OPPOSITION TO MOTION FOR INJUNCTION**

———————————

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

MARKENZY LAPOINTE
  *United States Attorney*

MARK R. FREEMAN
  *Appellate Staff*
  *Civil Division, Room 7519*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-5714*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND.....................................................................................................4

ARGUMENT ...........................................................................................................8

I.   An Injunction Is Unwarranted and Unnecessary to Protect Defendants' Interests ............................................................................................................9

II.  Defendants' Remaining Arguments Are Without Merit ..................................... 12

III. This Court Should Refuse Defendants' Invitation to Remand ........................... 17

CONCLUSION ..................................................................................................... 18

CERTIFICATE OF COMPLIANCE

## INTRODUCTION

The United States respectfully files this response in opposition to defendants' emergency motion for an injunction.  Defendants ask this Court (i) to enjoin Special Counsel Jack Smith from transmitting his final report (Final Report) to the Attorney General and (ii) to prohibit the Attorney General from making any portion of that Final Report available to the public.  Defendants' motion should be denied.

As explained in more detail below, there is neither any need nor legal basis for an injunction.  The Special Counsel has already transmitted his Final Report to the Attorney General (as permitted by the district court's recent order).  The Final Report comprises two volumes.  Volume One relates to the Special Counsel's investigation and prosecution of President Donald Trump relating to the 2020 presidential election (Election Case).  Volume Two relates to the Special Counsel's investigation and prosecution of defendants Waltine Nauta and Carlos De Oliveira, as well as President Trump, relating to mishandling of classified documents (Classified Documents Case). The Attorney General intends to release Volume One to Congress and the public consistent with 28 C.F.R. § 600.9(c) and in furtherance of the public interest in informing a co-equal branch and the public regarding this significant matter.  But to avoid any risk of prejudice to defendants Nauta and De Oliveira, the Attorney General has determined, at the recommendation of the Special Counsel, that he will not publicly release Volume Two so long as defendants' criminal proceedings remain pending.  For the time being, Volume Two will be made available for in camera

review only by the Chairmen and Ranking Members of the House and Senate Judiciary Committees upon their request and agreement not to release any information from Volume Two publicly.  This limited disclosure will further the public interest in keeping congressional leadership apprised of a significant matter within the Department while safeguarding defendants' interests.  The essential premise of defendants' emergency motion—that, absent this Court's intervention, "Attorney General Garland is certain to make [the Final Report] immediately public" and thereby cause irreparable prejudice to defendants' criminal proceedings (Mot. 1)—is thus mistaken.

Defendants' remaining arguments are without merit.  Defendants appear to urge that the Attorney General should be enjoined from releasing any portion of the Final Report—including Volume One, which as noted, addresses the unrelated prosecution brought by the Special Counsel in Washington, D.C.  Defendants Nauta and De Oliveira have no cognizable interest in that volume of the Final Report, however, nor any plausible theory of Article III standing that would justify their asking this Court to grant relief with respect to it.  Nor would there be any legal basis for any other interested party to seek to block release of Volume One.

Defendants also reiterate their claim that the Special Counsel was unlawfully appointed.  The United States has thoroughly rebutted that contention in its merits briefs in this appeal.  But in any event, the argument is irrelevant to the only action here at issue—the handling of the Final Report by the Attorney General.  The district

2

court, in dismissing the indictments against defendants, did not purport to enjoin the operations of the Special Counsel nationwide, nor could it have properly done so in this criminal case.  Accordingly, as required by Department of Justice regulations, the Special Counsel duly prepared and transmitted his confidential Final Report to the Attorney General yesterday (as permitted by the district court's recent order).  28 C.F.R. § 600.8(c) ("Closing documentation.").  What defendants now ask this Court to enjoin is not any action by the Special Counsel, but the Attorney General's authority to decide whether to make such a report public.  *See id.* § 600.9(c); 28 U.S.C. § 509.  As noted above and discussed in more detail below, the Attorney General determined that he will not make a public release of Volume Two while defendants' cases remain pending.  That should be the end of the matter.

Defendants' motion should therefore be denied.  To avoid the potential need for further emergency litigation in this Court, the United States respectfully requests that this Court make clear in denying the motion that its resolution of this question should be the last word (absent review by the en banc court or the Supreme Court). The district court specified that its temporary injunction barring release of any portion of the Final Report, including Volume One, "remains in effect until three days after resolution by the Eleventh Circuit of the Emergency Motion, unless the Eleventh Circuit orders otherwise," Dkt. 682 at 2 (emphasis omitted), and that defendants' parallel motion for emergency relief "remains pending before this Court subject to any directives from the Eleventh Circuit," *id.* at 3.  The United States respectfully

requests that, if this Court agrees that no injunction against the Attorney General is warranted, the Court should say so in an order binding on the district court and vacate the district court's temporary injunction.

## BACKGROUND

1. Department of Justice regulations authorize the Attorney General to appoint a Special Counsel to oversee a criminal investigation under certain prescribed circumstances. *See* 28 C.F.R. § 600.1. The Special Counsel regulations further provide that "[a]t the conclusion of the Special Counsel's work, he or she shall provide the Attorney General with a confidential report explaining the prosecution or declination decisions reached by the Special Counsel." *Id.* § 600.8(c). The Attorney General then has the discretion to determine whether "public release of these reports would be in the public interest, to the extent that release would comply with applicable legal restrictions." *Id.* § 600.9(c).

2. Special Counsel Smith was appointed by the Attorney General to investigate certain matters. Office of the Attorney Gen., Order No. 5559-2022, *Appointment of John L. Smith as Special Counsel* ¶ (c) (Nov. 18, 2022). Those investigations resulted in two separate prosecutions. The indictment from which this litigation arises alleged that President-elect Trump willfully retained national defense information, and it charged Trump, Nauta, and De Oliveira with multiple counts, including obstructing and conspiring to obstruct an official proceeding and making false statements. Dkt.

85.  That indictment was dismissed by the district court as to all three defendants, and this appeal challenges that dismissal order.

The other proceeding, brought in the District of Columbia, concerned the Election Case.  Neither Nauta or De Oliveira were defendants or otherwise implicated in the proceeding in the District of Columbia.

3.  After President Trump's re-election, the Special Counsel dismissed the proceeding in the District of Columbia.  The Special Counsel also withdrew the government's appeal of the dismissal of the indictment against Trump in this case but maintained the appeal as to the other two defendants.  Responsibility for the case was then transferred to the U.S. Attorney for the Southern District of Florida.

4.  The Special Counsel began preparing the Final Report for the Attorney General required by Department of Justice regulations.  28 C.F.R. § 600.8(c) ("Closing documentation").  The Final Report was structured with two separate volumes, the first devoted to the Election Case and the second devoted to the subject matter of this litigation, the Classified Documents Case.

Given the clarity of the Department's regulations requiring a final report, as well as the past practice of the Department with respect to other Special Counsels' final reports (including the Mueller Report and, recently, Special Counsel Hur's and Special Counsel Durham's final reports), it should have been no surprise that Special Counsel Smith planned to prepare the final report required by Department regulations.  In all events, defendants' counsel became aware not later than the week

of December 9 that a final report was being prepared.  Mot. Ex. B, at 2.  Counsel for

all three original defendants then requested the opportunity to review the draft report.

Although not required by the applicable regulations, the Special Counsel, consistent

with an example set by Special Counsel Hur, allowed counsel for all three defendants

to do so.  Counsel for President-elect Trump was provided an opportunity to review

both volumes of the Final Report.  Counsel for Nauta and De Oliveira were allowed

to review Volume Two (the only volume relevant to them).

    5.  On January 6, with the Final Report nearing completion, defendants Nauta

and De Oliveira filed an emergency motion in the district court seeking to enjoin the

Special Counsel from transmitting the Final Report to the Attorney General and the

Attorney General from releasing any portion of the Final Report.  Dkt. 679.

President-elect Trump filed a motion to intervene in the proceeding to support the

remaining defendants' emergency motion.  Dkt. 681.  The morning of January 7,

defendants filed the instant motion seeking emergency relief from this Court.

    Shortly before noon on January 7, the district court issued an order stating that

"[p]ending resolution of the Emergency Motion filed in the Eleventh Circuit and/or

any further direction from the Eleventh Circuit" various government officials are

temporarily enjoined from releasing or sharing the Final Report "outside the

Department of Justice."  Dkt. 682 at 2.  The order specified that this prohibition

would "remain[] in effect until three days after resolution by the Eleventh Circuit of

the Emergency Motion, unless the Eleventh Circuit orders otherwise."  *Id.* (emphasis

omitted).  The order did not preclude the Special Counsel from transmitting the Final Report to the Attorney General.  The court further noted that its order "shall not be construed as a final ruling on the merits of the Emergency Motion, which remains pending before this Court subject to any directives from the Eleventh Circuit."  *Id.* at 3.  The order did not address Trump's motion for intervention, which remains pending.

6.  On the evening of January 7, both volumes of the report were transmitted by the Special Counsel to the Attorney General.  Consistent with Justice Department practice, the Attorney General did not review the report before its transmission. Because Volume Two discusses the roles of defendants Nauta and De Oliveira, and because those matters remain pending appeal before this Court, the Special Counsel explained in his cover letter to the Attorney General that, "consistent with Department policy, Volume Two should not be publicly released while their case remains pending."  The Special Counsel further explained that "[b]oth volumes minimize the identification of witnesses and co-conspirators, consistent with accepted Department practice, and we have provided a redacted version of Volume Two that identifies certain information that remains under seal or is restricted from public disclosure by Federal Rule of Criminal Procedure 6(e)."

Consistent with the Special Counsel's recommendation, and Southern District of Florida Local Rule 77.2, the Attorney General does not intend to make Volume Two of the Final Report public while the case against Nauta and De Oliveira remains

7

pending.  But in light of congressional interest in the work of Special Counsel Smith, a redacted version of Volume Two of the Final Report (redacting only grand-jury and sealed information that the Department is prohibited by law or court order from disseminating), together with the appendices for Volume Two, will be made available to the Chairmen and Ranking Members of the House and Senate Judiciary Committees for review in camera upon their request and agreement prohibiting any public release of the Final Report's contents.  *Cf.* 28 C.F.R. § 600.9(a).  The redacted version of Volume Two that will be provided for limited congressional review will redact all information that remains under seal or is restricted from public disclosure under Rule 6(e).

As noted above, the Attorney General intends to publicly release Volume One and to make it available to Congress.  Volume One does not contain any information restricted from public disclosure under Rule 6(e).

## ARGUMENT

Defendants' requests for emergency injunctive relief should be denied. Because the Special Counsel has now transmitted his Final Report to the Attorney General, defendants' novel request to enjoin that internal Departmental transmission is moot.  And because the Attorney General has determined not to release to the public Volume Two of the Final Report to the public while defendants' case remains pending—the volume that concerns the proceedings against defendants—an injunction is unnecessary to protect defendants' interests or the integrity of future

8

criminal proceedings against them. Defendants' remaining arguments are meritless, irrelevant, or both. There is no basis for defendants or anyone else to seek to bar the Attorney General from disclosing Volume One publicly (or to Congress) or from disclosing Volume Two to select members of Congress in the manner described above. The Court should deny the emergency motion, vacate the district court's temporary injunction, and make clear that there is no basis for further emergency litigation in the district court regarding the Attorney General's disposition of the Special Counsel's Final Report.

## I.   An Injunction Is Unwarranted and Unnecessary to Protect Defendants' Interests

Defendants fail to establish any entitlement to injunctive relief. As an initial matter, to the extent defendants seek to prevent the Special Counsel from transmitting his Final Report to the Attorney General, *see* Mot. 3, their request has been overtaken by events. Defendants asked the district court to enjoin that intra-Departmental transfer in addition to any public release of the Final Report. In response, the government advised the district court that the Special Counsel would transmit his Final Report to the Attorney General no earlier than 1:00 pm yesterday, January 7, 2025. Dkt. 680 at 1-2. Although the district court, acting before that deadline, entered a temporary injunction barring transmission of the Final Report "outside the Department of Justice," Dkt. 682 at 2, the district court did not purport to restrain the Special Counsel's intra-Departmental transmittal to the Attorney

9

General.  Accordingly, the Final Report was delivered to Attorney General Garland on the evening of January 7, 2025.  Any request to enjoin that transmission is now moot.

The heart of defendants' claim for emergency injunctive relief is their assertion that "Attorney General Garland is certain to make [the Final Report] immediately public" and thereby prejudice defendants in the event this Court reverses the dismissal of their indictments.  Mot. 1.  But that prediction is incorrect.  Attorney General Garland is committed to ensuring the integrity of the Department's criminal prosecutions.  Considering the risk of prejudice to defendants Nauta's and De Oliveira's criminal case, the Attorney General has agreed with the Special Counsel's recommendation that Volume Two of the Final Report should not be publicly released while those cases remain pending.  *See* 28 C.F.R. § 600.9(c).  There is therefore no risk of prejudice to defendants and no basis for an injunction against the Attorney General.

As discussed, the Final Report comprises two volumes.  Volume One, the Election Case, concerns an unrelated prosecution brought by the Special Counsel in Washington, D.C and, accordingly, Volume One does not refer to either Nauta or De Oliveira or describe the evidence or charges against them.  Volume Two concerns the criminal investigation, indictments, and proceedings in the Southern District of Florida against defendants Nauta and De Oliveira, as well as former defendant and now President-elect Trump.  The Attorney General's determination not to authorize

the public release of Volume Two fully addresses the harms that defendants seek to avoid in their emergency motion.  As noted, consistent with 28 C.F.R. 600.9(a), the Attorney General intends to make Volume Two of the Final Report available for in camera review by the Chairmen and Ranking Members of the House and Senate Judiciary Committees, pursuant to restrictions to protect confidentiality.  Even then, however, consistent with legal requirements, the Department will redact grand jury information protected by Rule 6(e) as well as information sealed by court order from the version made available in camera for congressional review.  Defendants have no colorable claim to prejudice from these carefully circumscribed in camera disclosures.

There is also no valid basis for this Court to pretermit the Attorney General's discretion with respect to Volume One.  That Volume does not concern defendants Nauta or De Oliveira or the district court proceedings in this case.  Defendants identify no plausible theory of Article III standing that would justify this Court in enjoining, at defendants' behest, the Attorney General's disposition of a volume of the Final Report that does not implicate them.  Under Article III, "a plaintiff's remedy must be limited to the inadequacy that produced his injury."  *Gill v. Whitford*, 585 U.S. 48, 66 (2018) (alteration and quotation marks omitted).  Defendants' injury here is limited to Volume Two.  Indeed, with respect to Volume One of the Final Report, defendants are hardly differently situated than any other member of the public.  Nor, for that matter, do defendants offer any merits theory that would justify this Court in enjoining the release of Volume One.

President-elect Trump has not made any request of this Court, but he too would have no basis to seek to block the public release of Volume One of the Final Report. In particular, none of the arguments raised by defendants Nauta and De Oliveira regarding prejudice to their potential defenses to prosecution in this matter would apply, since the President-elect is no longer a defendant in any Special Counsel matter.

## II.   Defendants' Remaining Arguments Are Without Merit

Defendants advance a number of additional arguments to support their assertion that the Final Report cannot be lawfully released (Mot. 13-19). None withstands scrutiny.

1. Defendants argue at length that the Special Counsel is not, in fact, a valid Special Counsel, and therefore cannot prepare or transmit a valid Special Counsel report to the Attorney General. The United States has explained in its merits briefs in this appeal the multiple errors in defendants' appointments- and appropriations-related arguments. But in any event, those arguments are irrelevant at this stage in light of the Special Counsel's transmission yesterday of the Final Report to the Attorney General. All that is left is for the Attorney General to determine how to handle that report, and his authority in this respect is clear.

Although the district court in this case concluded that the Special Counsel was not properly appointed and ordered that the indictment be dismissed as a remedy, the district court did not purport to enjoin the ongoing operations of the Special

Counsel's Office nationwide.  This is a criminal case, and the district court limited its remedy to dismissal of the indictment.  *See* Dkt. 672 at 93.  The court did not purport to issue—and it could not properly have issued—a nationwide injunction barring the Special Counsel from discharging the functions of his office in Washington, D.C. or elsewhere.

Indeed, while defendants argue that the order appointing the Special Counsel became "void" upon issuance of the district court's judgment in this case, Mot. 14, the district court was clear that its order was "confined to this proceeding," *see* Dkt. 672 at 93. —*i.e.*, to this criminal prosecution.  The district court never barred the Special Counsel from performing other duties, including the preparation of the Final Report.  Had it purported to do so, the district court would have had to grapple with the fact that the D.C. Circuit—whose law governs Department headquarters and the Special Counsel's offices where the Final Report was prepared—has rejected the same Appointments Clause theory that the district court accepted.  *See, e.g.*, *In re Grand Jury Investigation*, 916 F.3d 1047, 1053 (D.C. Cir. 2019).  The district court with responsibility for the Election Case did so as well.

Even if one accepted arguendo defendants' premise that the Special Counsel was invalidly appointed, moreover, it still would not follow that the Final Report was somehow improper.  There can be no serious question that the Attorney General had, at a minimum, the statutory authority to hire Jack Smith and his staff as employees of the Department of Justice.  *See* 5 U.S.C. § 3101.  The Supreme Court has recognized

that investigative reports can be prepared by individuals who have not been appointed as officers of the United States. *See Buckley v. Valeo*, 424 U.S. 1, 137 (1976) (per curiam) (holding that non-officers can perform tasks of "an investigative and informative nature"). There is, therefore, no appointments-based reason to doubt Special Counsel Smith's authority to draft a report summarizing the activities of his office or to prevent the Attorney General from receiving or disposing of that report under Department regulations.

The Attorney General is the Senate-confirmed head of the Department of Justice and is vested with the authority to supervise all officers and employees of the Department. The Attorney General thus has authority to decide whether to release an investigative report prepared by his subordinates. That authority is inherent in the office of Attorney General, *cf.* 28 U.S.C. § 509; it does not depend on the lawfulness of the Special Counsel's appointment to take actions as an inferior officer of the United States or on the Department's specific regulations authorizing the Attorney General to approve the public release of Special Counsel reports, *see* 28 C.F.R. § 600.9(c). Indeed, the Attorney General would have the authority to decide whether to publicly release a report prepared and provided to the Department by wholly private citizens. Defendants' objections to the Special Counsel's appointment thus simply have no bearing on the Attorney General's authority here.

In any case, as we have explained, the Special Counsel was properly appointed. The district court's conclusion that the Attorney General lacks general statutory

authority to appoint inferior officers runs directly contrary to the Supreme Court's conclusion regarding Special Counsel Cox that the Attorney General has "the power to appoint subordinate officers to assist him in the discharge of his duties." *United States v. Nixon*, 418 U.S. 683, 694 (1974).  As explained at greater length in our merits briefs, the district court erred in dismissing this directly applicable reasoning as mere dicta and in breaking sharply with long-established practice.  And the district court's finding of an Appropriations Clause violation was derivative of its flawed Appointments Clause analysis.  *See* Dkt. 672, at 86.  Thus, even if it were necessary to consider the underlying merits of defendants' attack on the Special Counsel's authority, relief would not be warranted.

2.  Defendants also briefly argue that the Attorney General's release of the Final Report would violate the Presidential Transition Act and the Special Counsel regulations.  Mot. 17-19.  These arguments likewise are without merit.

Defendants' invocation of the Presidential Transition Act is misplaced.  First, it is doubtful that defendants have standing to raise any such claim.  They are not personally affected by the Presidential Transition Act, and President-elect Trump is no longer a party in this Court or in the district court.  The Act, moreover, contains no private right of action.  Indeed, the portion defendants invoke does not even impose binding restrictions.  Section 2 provides merely that "*it is the intent of the Congress* that" federal officers "promote orderly transitions in the office of President." 3 U.S.C. § 102 note (emphasis added) (Section 2 of the Presidential Transition Act).

15

In any event, the public release of the Special Counsel report—which, again, is consistent with uniform recent practice, including practice involving reports addressing the conduct of multiple sitting Presidents—is in no way inconsistent with an "orderly transition[]." *Id.* In addition, the Attorney General has decided against public release of Volume Two of the Final Report while defendants' case remains pending. To the extent defendants have standing and a merits theory under the Presidential Transition Act to object to the release of the only portion of the Final Report that affects their interests, the Attorney General's determination not to release Volume Two fully addresses any injury.

Nor would the Attorney General's release of the Final Report violate the Special Counsel regulations contemplating that the Special Counsel will provide the Attorney General with a report "[a]t the conclusion of" the Special Counsel's work. 28 C.F.R. § 600.8(c). That provision governs only the Special Counsel, not the Attorney General, and the Special Counsel has already transmitted his Final Report to the Attorney General. All that is left is for the Attorney General make the entire Final Report available to Members of Congress as described above, and to release Volume One publicly. The Attorney General's authority to do so is certainly not constrained by the provision defendants invoke, 28 C.F.R. § 600.8(c). It is a different provision of the regulations that governs reporting to Congress. *See id.* § 600.9. Moreover, the Attorney General's authority exists independent of those regulations. And, in any case, defendants' argument under 28 C.F.R. § 600.8(c) is meritless. The investigative

16

work of the Special Counsel concluded when he ceased to pursue the prosecutions that were the impetus for his appointment. Nothing in 28 C.F.R. § 600.8(c) precludes a Special Counsel from issuing a final report when his own investigative work is finished, even if prosecutions arising from his work continue to be handled by others with the Department of Justice. Special Counsel Mueller issued his final report under similar circumstances. Finally, the Special Counsel regulations provide no enforceable rights. *See id.* § 600.10.

## III.  This Court Should Refuse Defendants' Invitation to Remand

Defendants characterized their motion as one for emergency relief and asked this Court to rule by January 10 (Mot. 3), yet they also suggest both in their initial filing and in a later supplemental filing that this Court might instead avoid the merits and remand to the district court. This Court should reject that invitation for several reasons.

First, a remand would entail further delay, which is inappropriate in light of the exigencies recognized in defendants' own request for emergency relief. Second, the motion presents a straightforward legal question this Court is well-suited to address in the first instance. Third, the district court itself has made clear that it is looking to "resolution of the Emergency Motion filed in the Eleventh Circuit and/or any further direction from the Eleventh Circuit." Dkt. 682, at 2. And fourth, remanding to the district court to resolve the motion in the first instance may well simply generate further emergency litigation in this Court.

17

The United States respectfully requests that the Court deny the motion on the merits and, for the benefit of the parties and the avoidance of unnecessary further litigation, make clear in doing so that its resolution of this question should be the last word on the subject, absent intervention by the en banc Court or the Supreme Court.

## CONCLUSION

We respectfully request that this Court deny the motion on the merits, set aside the district court's temporary injunction in full, and make clear that there is no impediment to the Attorney General allowing for limited congressional review of Volume Two as described above and the publicly release of Volume One.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
  *General*

MARKENZY LAPOINTE
  *United States Attorney*

 *s/ Mark R. Freeman*
MARK R. FREEMAN
  *Director, Appellate Staff*
  *Civil Division, Room 7519*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-5714*
  *Mark.freeman2@usdoj.gov*

January 2025

18

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,382 words. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Garamond 14-point font, a proportionally spaced typeface.


*s/ Mark R. Freeman*
MARK R. FREEMAN

Addendum D

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 23-cr-80101- CANNON** |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WALTINE NAUTA, and | ) | |
| CARLOS DE OLIVEIRA, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' MOTION FOR FURTHER STAY IN
<u>LIGHT OF ONGOING APPELLATE PROCEEDINGS</u>**

Stanley E. Woodward, Jr.          John S. Irving, IV
BRAND WOODWARD LAW, LP       E&W LAW, LLC

Richard C. Klugh                  Larry Donald Murrell, Jr.
KLUGH WILSON, LLC             L.D. MURRELL, P.A.

*Counsel for Defendant*            *Counsel for Defendant*
*Waltine Nauta*                    *Carlos De Oliveira*

Defendants, through undersigned counsel, hereby move for an order further providing that the Court's January 7, 2025 Order (DE:682), maintaining the status quo pending the resolution of proceedings on a separate appellate motion for emergency relief, continues in effect pending resolution of all appellate matters arising from such appellate litigation. Alternatively, Defendants request that this Court extend its present status quo order to such time as this Court resolves the Defendants' pending emergency request for injunctive relief. Defendants state the following grounds in support of this motion:

1. This Court on January 7, 2025, entered an order temporarily restraining Attorney General Garland, the Department of Justice, Special Counsel Smith, all of their officers, agents, and employees, and all persons acting in active concert or participation with such individuals from (a) releasing, sharing, or transmitting the Final Report or any drafts of such Report outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in the Final Report or in drafts thereof. DE:682 at 2.

2. This Court ordered that the stay would remain in effect until three (3) days after resolution by the Eleventh Circuit of a separate appellate motion for injunction, unless the Eleventh Circuit were to rule that the stay should not continue. *Id.*

3. In its response to the appellate emergency motion for relief that was filed in the government's pending direct appeal as to these Defendants in the Eleventh Circuit, the government proposed releasing Volume I of the Final Report[1] to the public, and Volume II of the Final Report, which contains confidential information regarding this pending

---

[1] The Government has not provided the defense with even limited access to Volume I of the Report. Court review of *both* Volumes is warranted in case. Volume I contains information that bears on this pending criminal case.

criminal matter, to the chairmen and ranking members of the House and Senate Judiciary Committees, subject to redactions *determined only by the Department of Justice*, without any court process by which the Defendants could lodge objections to: release of certain portions of the Report; the conditions under which the Report was released; and whether any version of the Report could be released in light of the unconstitutional nature of the Special Counsel appointment and the still-pending nature of the criminal case.

4.  Defendants argued in reply as to the appellate motion that the dispute over release of the Final Report, and particularly the Government's proposed specialized release to Congress, has raised inherently fact-bound questions properly resolved by this Court, particularly because this Court will preside over any criminal trial in this matter and this Court has previously presided over significant related litigation addressing privilege, suppression, grand jury materials, discovery disclosure, protective orders, and admissibility of evidence at trial.  The Government's proposed course of action presents factual disputes including, but not limited to: whether the Special Counsel's investigation has, in fact, "concluded" and thereby triggered the notice requirement of 28 C.F.R. § 600.9(a)(3); the likelihood of public disclosure if the Report is shared with Congress; the appropriate level of redaction if the Report is shared; whether members of Congress who view the Report may say anything about the case or the Report publicly; whether members of Congress may disclose to their staff the contents of the Report or their reactions thereto; whether the Defendants are still bound by any protective order if the dissemination results in the Defendants' being tried in the court of public opinion; and whether there is any recourse if confidentiality is violated.

5. Indeed, as Defendants also pointed out in their Eleventh Circuit briefing, neither this Court nor the Executive Branch can bind Congress. Once the Report is disclosed to Congress, this Court will effectively lose its ability to control the flow of information related to privileged and confidential matters in a criminal proceeding. That makes delaying the issuance of the Final Report until this matter is resolved essential, as there will be no way to put the proverbial cat back into the bag after the Final Report is shared with Congress, and no way to control congressional speech regarding the pending criminal case.

6. The Eleventh Circuit on January 9, 2025, issued an order denying the Defendants' appellate request for injunctive relief *by that court*, and stated its reasoning as follows: "To the extent that Appellant [the Government] seeks relief from the district court's January 7, 2025, order temporarily enjoining Appellant, Appellant may file a notice of appeal from that order." App. Doc. 100-2. By so stating, the Eleventh Circuit clearly signaled that it views the questions raised by this dispute as properly before this Court in the first instance, and falling well within this Court's jurisdiction to enforce its own orders. The Government literally asked the Eleventh Circuit to vacate the January 7, 2025 Order, and the Eleventh Circuit refused to do so. For practical purposes, Defendants argument in the Eleventh Circuit that the matter belongs initially in this Court *prevailed*, notwithstanding the Government's mischaracterization of the Eleventh Circuit's Order. Indeed, Defendants argued in the Eleventh Circuit that this Court had jurisdiction over the emergency request for relief, and that this matter was properly left to the sound discretion of this Court. *See United States v. Ellsworth*, 814 F.3d 613, 614 (11th Cir. 1987). *See* Defendant's Reply Memorandum, Doc. 93 at 8-9.

The Eleventh Circuit's order is thus fairly read as denying the emergency relief because, as in *Ellsworth*, in its view it had "no jurisdiction to rule on its merits" of a question "which must be directed to the district court." *Ellsworth*, 814 F.2d at 614.

7. Because the Eleventh Circuit resolved Defendants' Emergency Motion, the clock on this Court's January 7, 2025, Order has begun to run. The temporary enjoinment imposed by this Court is set to expire on and the end of the day on Monday, January 13, 2025, pursuant Fed. R. Crim. Proc. 45(a).

8. Since the Eleventh Circuit's order was issued, the Government has filed an improper appeal of the temporary status quo order imposed by this Court, while recognizing in a notice filed with the Eleventh Circuit that appellate jurisdiction may be lacking. *See* App. Doc. 101 at 2 n. 1.

9. The Government has also filed a purported "notice" in the Eleventh Circuit on January 10, 2025, seeking relief in the nature of a motion requesting rehearing of the resolution of the appellate request for injunctive relief (albeit without complying with motion or rehearing rules). The Government's request for rehearing and the Government's notice of appeal reveal that the Government too reads the Eleventh Circuit's denial order as leaving the factual questions to this Court.

10. Defendants therefore request that this Court extend the temporary restraining order to allow this Court to order briefing on and to hold a hearing and to rule on the merits of Defendants' pending emergency request for injunctive relief, the motion for intervention, and any response by the Government. This Court presides over the criminal matter and is best suited to resolve the questions presented by Defendants' request for injunctive relief. Though an appeal of the Court's current Order is pending,

the questions presented by the emergency motion do not bear on the merits of the appeal—rather, the core issues are whether the Special Counsel actions in preparing the Final Report violated this Court's Order of Dismissal (from which no stay has been sought); whether that precludes the Attorney General from releasing the report to Congress; and whether confidential information (including privileged material, grand jury material, and other evidence in a criminal case) is permissibly released to Congress while this case is still pending.

11. Extension of the temporary enjoinment is warranted based on the Government's attempts to extend litigation in the Eleventh Circuit.  Extension of the temporary stay is also warranted to allow this Court to hold a hearing and to rule on the emergency motion filed in this Court.

12. Based on the Eleventh Circuit's ruling, Defendants ask this Court to extend the stay, to give it time to hold a hearing and to rule on the defense request for injunctive relief.

13. Extension of the stay is essential to protect due process interests.  Press reporting on the Eleventh Circuit's Order has already misreported the contents of that order, *see, e.g.,* Sareen Habeshian, *Smith's Final Report on Trump Cases Can Be Released, Appeals Court Says*, Axios.com (January 9, 2025), available at https://www.axios.com/2025/01/10/trump-appeals-court-jack-smith-report (last accessed January 10, 2025).  If there is already a flow of misinformation about the propriety of release of report, it is certainly reasonable to expect a flow of misinformation if the Report is released to Congress.  And that flow of information will violate Defendants' due process rights to a fair trial.  This Court should thus act to preserve the status quo, and to ensure that *any* release of *any* information related to a

pending criminal trial—if it is permissible in the first instance—is only done pursuant to an orderly court process.  The government's hailstorm of frantic filings seeks to release this Report as soon as possible, at any cost to the individual due process interests of these criminal defendants.  But that approach risks lengthening and complicating judicial process by raising the substantial possibility that Defendants are back before this Court following an impermissible leak of material.  Once highly privileged and highly confidential information enters the public domain—as a result of the politically motivated eleventh-hour haste of the Executive Branch and the disqualified Special Counsel—it will be impossible to cure the constitutional rights violation that results. This Court should therefore take steps to ensure an orderly process in the face of the Executive Branch and the unauthorized Special Counsel doing everything it can to disrupt order, disrupt process, and divert from this Court the responsibility to oversee the criminal trial.

WHEREFORE, Defendants Waltine Nauta and Carlos De Oliveira ask this Court to extend its temporary enjoinment restraining the DOJ from distributing, sharing or otherwise disclosing the Report until and at which time this Court has ruled on Defendants' request for injunctive relief.

Dated: January 10, 2025          Respectfully submitted:

/s/ Stanley E. Woodward, Jr.             /s/ John S. Irving, IV
Stanley E. Woodward, Jr. (pro hac vice)  John S. Irving, IV (pro hac vice)
BRAND WOODWARD LAW, LP                   E&W LAW, LLC
400 Fifth Street NW, Ste 350             1455 Pennsylvania Ave NW, Ste 400
Washington, DC 20001                     Washington, DC 20004
(202) 996-7447 (telephone)               (301) 807-5670 (telephone)
stanley@brandwoodwardlaw.com             john.irving@earthandwatergroup.com

/s/ Richard C. Klugh                     /s/ Larry Donald Murrell, Jr.
Richard C. Klugh                         Larry Donald Murrell, Jr.
Fla. Bar No. 305294                      Fla. Bar No. 326641
KLUGH WILSON, LLC                        L.D. MURRELL, P.A.
40 N.W. 3rd Street, PH1                  400 Executive Center Drive, Ste 201
Miami, FL 33128                          West Palm Beach, FL 33401
(305) 536-1191 (telephone)               (561) 686-2700 (telephone)
klughlaw@gmail.com                       ldmpa@bellsouth.net

*Counsel for Defendant Waltine Nauta*    *Counsel for Defendant Carlos De Oliveira*